IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| IN RE: | : | |
| ADAM M. BESTHOFF | : | |
| | : | |
| Debtor. | : | |
| | : | |
| _____ | : | |
| | : | Case No. 16-11644-RGM |
| WILLIAM MENJIVAR | : | Chapter 13 |
| | : | |
| Plaintiff, | : | |
| | : | Adversary Proceeding No. |
| v. | : | |
| | : | _____ |
| ADAM M. BESTHOFF, | : | |
| | : | |
| Defendant. | : | |

**AMENDED COMPLAINT TO DETERMINE
NONDISCHARGABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

William Menjivar ("Plaintiff" or "Menjivar"), by counsel, pursuant to 11 U.S.C. §523(a)(2), (4) and (6) and Rule 7001 (6) of the Federal Rules of Bankruptcy Procedure, files this Amended Complaint against Adam M. Besthoff ("Debtor") in the above referenced Chapter 13 bankruptcy case, to determine the dischargeability of certain debt and in support thereof, states as follows:

**PARTIES**

1. Debtor is a citizen and resident of Fairfax County in the Commonwealth of Virginia.

2. Plaintiff is a citizen and resident of the Fairfax County in the Commonwealth of Virginia.

1

## JURISDICTION AND VENUE

3. On May 9, 2016, Debtor filed for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. The case was converted to a Chapter 13 bankruptcy on June 21, 2016.

4. On July 26, 2016 Debtor's meeting of creditors was held

5. As of this date, Debtor has not been granted a discharge.

6. The above-captioned Complaint is timely because the date by which a Complaint to determine dischargeability of debt must be filed is September 26, 2016.

7. The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1) and 1334 and 11 U.S.C. § 105(a).

8. This is a core proceeding arising in a bankruptcy case pending in this district pursuant to 28 U.S.C. § 157(b)(2)(I).

9. Venue is appropriate pursuant to 28 U.S.C. §1409(a).

## GENERAL ALLEGATIONS

10. Debtor and Plaintiff were next-door neighbors during 2015.

11. For over a year during their time as neighbors, Debtor verbally and physically harassed Plaintiff (who is Hispanic), using derogatory racial epithets like "spic" and threatening to "get [Plaintiff] deported."

12. On or about May 2, 2015, Debtor posted a video on YouTube.com showing Plaintiff being led away from his home in handcuffs. The video was paired with explanatory text claiming that Plaintiff was "getting arrested for child molestation" and referring to Plaintiff as a "little taco bean eating punk ass boy."

13. In fact, Plaintiff was not "getting arrested for child molestation" and Debtor knew or should have known this as he was the person who called the police to make a frivolous complaint of excessive noise coming from Plaintiff's residence, resulting in Plaintiff's arrest.

14. There are several young children in Plaintiff's neighborhood. There is also a bus stop for a Fairfax County elementary school directly across the street from Plaintiff's home. As a result, young children pass frequently in front of Plaintiff's home.

15. On June 14, 2015, Plaintiff filed a civil action against Debtor for defamation in the Circuit Court of Fairfax County (Case No. 2015-8005). A true and accurate copy of the Complaint is attached hereto and incorporated herewith as **Exhibit 1**.

16. In his Complaint, Plaintiff alleged that Debtor acted willfully, maliciously, and in conscious disregard for Plaintiff's rights and reputation in making the aforementioned false and defamatory statements about Plaintiff and that Plaintiff suffered severe humiliation, embarrassment, and reputational harm as a direct result of Debtor's statements. Plaintiff also sought punitive damages in his Complaint.

17. Trial was scheduled for June 7, 2016. Debtor filed for bankruptcy on May 9, 2016, automatically staying the Fairfax Circuit Court proceedings. Accordingly, Plaintiff's claims remain unliquidated.

## NONDISCHARGEABILITY

18. The allegations contained the preceding paragraphs of this Complaint are incorporated herein by reference as if re-alleged in full.

19. The exceptions to discharge provided for in Section 523(a)(2), (4) and (6) of the Bankruptcy Code is clear that a discharge under Section 1328 does not discharge an individual

debtor for "willful and malicious injury by the debtor to another entity or to the property of another entity."

20. The test for willfulness is whether the Debtor acted with "substantial certainty [that] harm [would result] or a subjective motive to cause harm." *Ocean Equity Group, Inc. v. Wooten*, 423 B.R. 108 (Bankr. E.D. Va. 2010).

21. An act is malicious if it is done "deliberately, intentionally, and with knowing disregard for the plaintiff's rights." *Reed v. Owens*, 449 B.R. 239, 253 (Bankr. E.D. Va. 2011).

22. Debtor's conduct, as described above, caused willful and malicious injury to Plaintiff. Besthoff acted deliberately and intentionally in publishing defamatory statements about Plaintiff and did so with knowing disregard for Plaintiff's rights and reputation. Moreover, Debtor published the defamatory statements in question with substantial certainty that harm would result to Plaintiff or a subjective motive to cause harm to Plaintiff.

23. As a direct result of Debtor's willful and malicious conduct, Plaintiff's reputation and good standing in the community have been severely damaged. Additionally, Plaintiff has incurred attorneys' fees in the prosecution of this action.

24. Therefore, all or part of the debt owed to Plaintiff is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

WHEREFORE, Plaintiff William Menjivar, by counsel, respectfully requests that this Honorable Court award him the following relief:

    A.    An Order declaring that the debt owed to him by Debtor is non-dischargeable under 11 U.S.C. §523 (a)(2)(6);

B. A judgment in favor of Plaintiff and against Debtor for a sum to be determined by the Court in the form of compensatory and punitive damages;

C. All reasonable legal fees and expenses for the prosecution of this action;

D. Such other and further relief as the Court may deem just and proper.

DATED: September 29, 2016                    WILLIAM MENJIVAR
                                             by Counsel

/s/ Erik W. Fox
Erik W. Fox, Esq. (VSB No. 65456)
Mariam W. Tadros, Esq. (VSB No. 75502)
REES BROOME, PC
1900 Gallows Rd., Suite 700
Tysons Corner, VA 22182
(703) 790-1911 (telephone)
(703) 847-0463 (facsimile)
efox@reesbroome.com
mtadros@reesbroome.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served via the Court's CM/ECF system and by facsimile and first-class mail this 29th day of September, 2016 upon:

| | |
|---|---|
| Richard Owen Bolger, Esq.<br>Bolger Law Firm, PLLC<br>10347 Democracy Lane<br>Fairfax, VA 22030<br>Tel: 703-383-9595<br>Fax: 703-383-3116<br>richard@bolgerlaw.com<br>*Counsel for Debtor* | Bradley David Jones<br>Office of the United States Trustee<br>115 South Union Street, Suite 210<br>Alexandria, VA 22314<br>(703) 557-7228<br>Email: bradley.d.jones@usdoj.gov<br>*Counsel for U.S. Trustee* |
| Thomas P. Gorman<br>300 N. Washington St.<br>Suite 400<br>Alexandria, VA 22314<br>(703) 836-2226<br>*Trustee* | |

/s/ Erik W. Fox
Erik Fox