**VIRGINIA:**

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| WILLIAM MENJIVAR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADAM MARTIN BESTHOFF )<br>9029 Lee Hwy )<br>Fairfax, Virginia 22031 )<br>)<br>Defendant. )<br>_____) | Case No. CL _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

This is a defamation action against Adam Martin Besthoff, who posted a video on YouTube falsely claiming that it showed William Menjivar being arrested for child molestation. Mr. Menjivar has never molested a child and has never been accused of molesting a child. Mr. Besthoff made the accusation maliciously, knowing it to be false, for the purpose of harming Mr. Menjivar's reputation and standing in the community. He succeeded, and therefore must be held accountable.

## PARTIES

1. Plaintiff William Menjivar is, and at all times relevant hereto was, a citizen and resident of the Commonwealth of Virginia.

2. Defendant Adam Martin Besthoff is, and at all times relevant hereto was, a citizen and resident of the Commonwealth of Virginia. Mr. Besthoff is employed as a plumber.


EXHIBIT 1

## FACTS

3. Mr. Menjivar and Mr. Besthoff are next-door neighbors; their townhouses share a common wall.

4. For over a year, Mr. Besthoff has verbally and physically harassed Mr. Menjivar (who is Hispanic), using derogatory racial epithets like "spic" and threatening to "get [Mr. Menjivar] deported."

5. Mr. Besthoff will often bang on the parties' common wall for extended periods of time for the sole purpose of interfering with Mr. Menjivar's reasonable and comfortable use and enjoyment of his home.

6. On or about May 2, 2015, Mr. Besthoff took the harassment to a new level by posting a video on YouTube.com along with explanatory text claiming that Mr. Menjivar was "getting arrested for child molestation." As of the date of this writing, the video is posted at htttps://www.youtube.com/watch?v=mb9rKPx3M-0.

7. Mr. Menjivar was not "getting arrested for child molestation." The statement was a complete fabrication designed to destroy Mr. Menjivar's reputation and career.

8. The video shows Mr. Menjivar being led away from his home in handcuffs. On or about the previous evening, Mr. Besthoff had called the police to make a frivolous complaint of excessive noise coming from Mr. Menjivar's residence. When several police offers appeared that night on his doorstep, demanding in aggressive tones that Mr. Menjivar come outside, Mr. Menjivar responded that he would not come outside if the police did not have a warrant requiring him to do so. The police left, obtained a warrant for "obstruction of justice," and returned to Mr. Menjivar's residence and led him away in handcuffs. The charges were promptly dropped.

9. Mr. Besthoff knew that Mr. Menjivar was not being arrested for child molestation, as he was the person who called the police (for an alleged noise violation), and he was the one who shot the video.

10. The video, which Mr. Besthoff published using the alias "ish," refers to Mr. Menjivar as a "little taco bean eating punk ass boy" and asserts (with reference to the "child molester" allegation) that "the facts weighing against him is pretty strong."

11. There are several young children in Mr. Menjivar's neighborhood. There is also a bus stop for a Fairfax County elementary school directly across the street from Mr. Menjivar's home. As a result, school-aged children pass frequently in front of Mr. Menjivar's house.

12. The statements Mr. Besthoff made about Mr. Menjivar on YouTube.com (the "Statements") are false, and Mr. Besthoff knew the Statements were false at the time he made them.

13. Mr. Menjivar has suffered severe humiliation, embarrassment, and reputational harm as a direct result of the false Statements on YouTube.

## COUNT I – DEFAMATION

14. Mr. Menjivar repeats and realleges the allegations contained in paragraphs 1 through 13, inclusive, as if fully set forth herein.

15. Mr. Besthoff published the Statements to numerous third parties.

16. The Statements are actionable because they concern and harm the reputation of Mr. Menjivar; they can reasonably be interpreted as assertions of fact; they are false; they are defamatory in nature; and they caused (and continue to cause) harm to Mr. Menjivar and his reputation.

17. Mr. Besthoff knew or should have known that the Statements were false, yet he published them willfully, maliciously, and in conscious regard for Mr. Menjivar's rights and reputation.

18. Alternatively, if Mr. Besthoff actually believed the Statements to be true, then he lacked a reasonable basis for such belief, and/or acted negligently in failing to determine the facts upon which the Statements were based.

19. The Statements constitute defamation per se because they falsely impute crimes of moral turpitude to Mr. Menjivar.

20. As a direct result of the defamatory Statements posted by the Defendant, Mr. Menjivar's reputation and good standing in the community have been severely damaged.

21. Mr. Menjivar's remedy at law is not completely adequate. If the Statements are not removed from Internet search indices, the various pages containing the Statements will continue to come up when people search for Mr. Menjivar online, and as a result, Mr. Menjivar will continue to suffer ongoing harm to his reputation, potentially in perpetuity. This cannot be adequately compensated by money damages.

22. The following URL either presently contains the defamatory Statements, or once contained the Statements and needs to be not only removed from the Internet but deleted from search engine indices: https://www.youtube.com/watch?v=mb9rKPx3M-0

23. Injunctive relief is the only way to ensure that Mr. Menjivar's reputation does not suffer any more than it already has.

24. The balance of hardships favors Mr. Menjivar, as the irreparable harm he would suffer if an injunction is not granted greatly outweighs the harm that the Defendant would suffer if the injunction is granted.

25. No equitable defenses exist to Mr. Menjivar's request for injunctive relief.

26. Granting an injunction would be in the public interest.

## COUNT II – DECLARATORY JUDGMENT

27. Mr. Menjivar repeats and realleges the allegations contained in paragraphs 1 through 26, inclusive, as if fully set forth herein.

28. An actual controversy exists between Plaintiff and Defendant with respect to whether the Statements are false, defamatory, or otherwise unlawful.

29. Mr. Menjivar is entitled to a declaratory judgment, pursuant to Va. Code § 8.01-184, adjudicating and determining that the URL located at https://www.youtube.com/watch?v=mb9rKPx3M-0 contains false, defamatory, and unlawful content.

30. A declaratory judgment will facilitate the removal of the defamatory URL from the Internet, as search engines like Google and Bing are much more likely to agree to de-index the URL when presented with a declaratory judgment clearly informing them that a particular URL contains defamatory or otherwise unlawful statements.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Menjivar prays that the Court grant the following relief:

(a) award compensatory damages in the amount of $100,000.00 for injury to reputation, humiliation, and embarrassment;

(b) award punitive damages in the amount of $200,000.00;

(c) enter a preliminary and permanent injunction that issues the following orders against Mr. Besthoff and his agents and assigns:

    (1) Prohibiting Mr. Besthoff and his agents and assigns from any further acts of defamation or publishing of false, misleading, and/or private

statements, comments, or information regarding Plaintiff on YouTube.com or any other website or publication;

(2) Mandating that Mr. Besthoff and his agents and assigns take all reasonable actions they can under the law to remove the offending content in question, including but not limited to personally removing the content each published and requesting that YouTube.com remove all defamatory, disparaging, scandalous, false and materially misleading statements about Mr. Menjivar that Mr. Besthoff posted or caused to be posted on the Internet;

(3) Mandating that Mr. Besthoff and his agents and assigns take all reasonable actions they can under the law to secure the removal of https://www.youtube.com/watch?v=mb9rKPx3M-0 and any duplicate content from the Internet search engines and indexes, including but not limited to Google, Yahoo!, and Bing; and

(4) Mandating that, as it is possible that the above-referenced URL and the Statements contained therein will appear on additional web pages or search engines in the future, including but not limited to index, directory, and search results pages, to take all reasonable actions available under the law to attempt to remove all such web pages from the Internet, including requesting removal of all such web pages from the search engines Google, Yahoo!, and Bing, and any other search engines on the Internet.

(d) enter a declaratory judgment that Defendant's statements posted on the Internet about Plaintiff are false, unlawful, and constitute an invasion of privacy; and

(e) award such other relief as the Court deems just and equitable.

**TRIAL BY JURY IS DEMANDED.**

WILLIAM MENJIVAR
By Counsel

*[signature]*

Lee E. Berlik (VSB# 39609)
BerlikLaw, LLC
1818 Library Street
Suite 500
Reston, Virginia 20190
Tel: (703) 722-0588
Fax: (888) 772-0161
LBerlik@berliklaw.com
*Counsel for Plaintiff*

6